[683 NYS2d 251]

In the Matter of ROGER K. SOLYMOSY (Admitted as ROGER KEITH SOLYMOSY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 14, 1999

### APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Rhonda E. Kay* of counsel (*Gair, Gair, Conason, Steigman & Mackauf,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Roger K. Solymosy was admitted to the practice

of law in the State of New York by the First Judicial Department on May 15, 1978, as Roger Keith Solymosy. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent had a prior disciplinary history of admonitions, issued in 1992, resulting from his neglect of several cases during the 1980's, one of which resulted in dismissal as to which respondent let the appeals period lapse, and his failure to return records in connection therewith that continued until the time of present disciplinary action. The 1992 Hearing Panel had decided on admonitions in lieu of formal charges in view of its finding that these instances of neglect had mostly occurred during a period of time when respondent was caring for his terminally ill fiancée. These matters were considered by the present Hearing Panel, which noted that, notwithstanding those admonitions, the lapse of time after the 1988 death of his fiancée, and psychiatric evidence establishing his recovery from depression associated with his personal tragedy, respondent's unprofessional conduct continued into the 1990's.

Respondent pleaded guilty to Federal misdemeanor tax evasion charges in 1995, for which he was sentenced to four months' home confinement, two years' probation and a $1,000 fine. Also in 1995, he pleaded guilty to a misdemeanor charge under New York State Tax Law § 1801 (a) in New York City Criminal Court, for which he was sentenced to a conditional discharge requiring him to pay $2,500 in tax arrears, and required to file confession of judgment as to an outstanding State and New York City liability of $58,372 and pay a fine of $7,500. By order dated February 9, 1996, we determined that these constituted serious crimes within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), and directed respondent to show cause, subject to the Departmental Disciplinary Committee's (DDC) hearing and reporting procedures, why a final disciplinary order should not be entered.

Previously, DDC had filed charges against respondent on June 15, 1994, as supplemented by a charge filed April 5, 1996, arising from his neglect of several client matters, his failure to promptly return files in each of those matters, his disobedience of a court order to send a file to a client's new counsel, and his misrepresentation to clients of the status of their cases. Charges one and two result from respondent's neglect of the DeSiena wrongful death action, for which he was retained in

1988, leading to the client filing a complaint in 1993. The Hearing Panel sustained charges, respectively, under Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30), that he had neglected a client matter, and DR 9-102 (C) (4) (22 NYCRR 1200.46), that he had failed to return the client's file upon her request. Charges three and four result from respondent's neglect (DR 6-101 [A] [3]) of the DeMartino personal injury action, resulting in its dismissal, about which he failed to inform his client, and after which he failed to return the file to the client despite numerous requests (DR 9-102 [C] [4]). Charges five and six result from his neglect of the Albanese personal injury action (DR 6-101 [A] [3]) and another consistent failure to turn over the file to new counsel (DR 9-102 [C] [4]), which also resulted in the entering of a 1996 default judgment against respondent in New York County Supreme Court for $91,095 in favor of the client, which he has failed to pay.

Charge seven resulted from respondent's neglect of the Wessels' wrongful death case relating to the 1987 demise of their son (DR 6-101 [A] [3]) and his misrepresentations, continuing to 1992, to the client regarding the status of the case (DR 1-102 [A] [4] [22 NYCRR 1200.3]) which, in fact, he had not filed. Continuing into 1994, respondent refused to turn over the file to new counsel, resulting in respondent's June 9, 1994 arrest for contempt of the order of Orange County Supreme Court directing that the file be returned. This conduct resulted in charge nine, arising from conduct prejudicial to the administration of justice (DR 1-102 [A] [5]) and adversely reflecting on his fitness to practice law (DR 1-102 [A] [8]), and charge ten, resulting from his failure to deliver the file (DR 9-102 [C] [4]). In 1995, respondent was adjudged liable, on default, by Orange County Supreme Court for damages resulting from the lapsing of the Statute of Limitations barring wrongful death recovery by the Wessels.

The Hearing Panel considered psychiatric evidence of respondent's severe depression from 1984 through the 1988 death of his fiancée, interfering with his ability to carry out his professional responsibilities, and additional personal stress arising from the mental illness of a family member, but noted that these mitigating factors did not explain his conduct after that time period, his tax arrears, or his failure to make restitution.

While we agree with the Hearing Panel's findings of fact and conclusions of law, we disagree with its recommended sanction

of disbarment. Rather, we note the DDC staff's recommendation made to the Hearing Panel that respondent be suspended for four years. In view of respondent's successful maintenance of an active practice since the mid-1990's, his pro bono work, his stated willingness to make restitution, but the practical necessity of having an economic base with which to do so, his recent heart attack, suffered since the hearing, and the recent birth of twin children to his wife, in addition to the psychiatric evidence noted above, we conclude that a four-year suspension would be a more appropriate sanction.

Accordingly, the Committee's motion for an order confirming the Panel's findings of facts and conclusions of law should be granted. The Panel's recommendation that respondent be disbarred should be disaffirmed and respondent should be suspended from the practice of law for a period of four years, with reinstatement conditioned on full restitution to all clients noted above and satisfaction of all such judgments.

ELLERIN, J. P., WILLIAMS, RUBIN, TOM and SAXE, JJ., concur.

Petition granted, the Hearing Panel's findings of fact and conclusions of law confirmed. The Hearing Panel's recommended sanction disaffirmed, and respondent suspended from the practice of law for a period of four years, with reinstatement conditioned upon full restitution to all clients and satisfaction of all judgments, all effective February 16, 1999. [As amended by unpublished order entered Jan. 19, 1999.]